# CHARLESTON.

## McELDOWNEY v. WYATT.

Submitted February 7, 1898—Decided April 9, 1898.

44  711
45   42

44 711
52 641

1.  CONSTITUTIONAL LAW—*General Act—Special Act.*
    A statute relating to persons or things as a class is a general law; one relating to particular persons or things of a class is special.  (p. 712).

2   ACTS OF THE LEGISLATURE—*Title of Act.*
    If the title of an act is broad enough to cover its enactment, and give fair and reasonable index to the purpose of the act, it need not descend to particulars of the enactment.  (p. 712).

3.  VESTED INTERESTS—*Statute of Limitations—Constitutional Law.*
    Where title to property has vested under the statute of limitations, no act can, by extending the statute or reviving the remedy, impair such title.  It would be unconstitutional, because depriving one of property without due process of law; but where the demand is on contract, or any class of action where the statute merely gives a defense, and does not vest property, there is no vested right to such mere defense, and the legislature may, by repeal of the statute or otherwise, revive the action, and deprive one of such defense.  (p. 713).

Appeal from Circuit Court, Wetzel County.

Bill by John C. McEldowney against J. N. Wyatt for an injunction and equitable relief.   From a decree for plaintiff, defendant appeals.

*Reversed.*

WILEY & KEIFER and HALL & HALL,  for appellant.
ROBT. McELDOWNEY and T. P. JACOBS, for appellee.

Brannon, President:

J. N. Wyatt was sheriff of Wetzel county, and, as such, held tax bills, for the years 1889, 1890, 1891, and 1892, against John C. McEldowney, and the right to levy had become barred by lapse of time. Wyatt instituted an action of *assumpsit* in the circuit court to recover the taxes, and later the legislature passed chapter 63, Acts 1897, giving sheriffs whose terms expired in December, 1892 and 1896, further time until 31st December, 1899, to levy unpaid taxes for the years 1889 to 1892, inclusive. After this act, Wyatt dismissed the action in court "without prejudice." Later McEldowney obtained an injunction against Wyatt to restrain him from a meditated levy and collection of said taxes, which having been perpetuated Wyatt appeals. The case turns upon the question whether said act of the legislature is constitutional. It is claimed that it is unconstitutional, because it is special legislation; but as it applies to sheriffs of all counties, and such taxes therein, it does not seem so to me. The act, it is true, applies only to certain claims of sheriffs and taxes; but, surely, the legislature can select all of a class which may, in its judgment, call for legislation. It may select certain trades, vocations, or men as distinguished from women, or minors as distinguished from adults, or sane people as distinguished from the insane, and enact such legislation as may, in its judgment, be requisite for them, without the enactment falling under the inhibition of the Constitution relating to special legislation. "A statute relating to persons or things as a class is a general law; one relating to particular persons or things of a class is special." Suth. St Const. p. 149; *Wheeler* v. *Philadelphia*, 77 Pa. St. 338; *Ex parte Lichtenstein* (Cal.) 7 Pac. 728. This act operates uniformly on all persons and things of a class.

It is said that the title of the act is bad, as it does not fully specify its object. The title is "An act extending the time in which distraint and sale may be made for taxes," and the enactment in the act relates only to certain sheriffs and taxes for certain years. It is plain that what the act does enact is covered by the title, as the enactment is narrower than the title. Its enactment con-

tains nothing not contained in the title. The Constitution does not require that "the subject of the bill shall be specifically and exactly expressed in the title, and hence we conclude that any expression in the title which calls attention to the subject of the bill, although in general terms, is all that is required." Suth. St. Const. p. 96. The same book tells us that the title "may be general, but must be specific enough to answer reasonably the purpose for which the subject is required to be expressed in the title. When the subject is stated in the title, the constitution is so far complied with that no criticism of the mode of statement will affect the validity of the act. The statute is valid in such a case. The degree of particularity in expressing the subject in the title is left to the discretion of the legislature. No particular form has been prescribed in the constitution for expressing the subject or purpose of a statute in its title. It need not index the details of the act, nor give a synopsis of the means by which the statute is to be effectuated by the provisions in the body of the act." See *State* v. *Mines*, 38 W. Va. 125, (18 S. E. 470).

The main question, however, is whether the act is invalid because it revives the remedy of levy after it had been barred by limitations. It is contended that, while the legislature may extend the statute of limitations as to actions not yet barred, it cannot renew a barred remedy. Where, under the statute, title to property, real or personal, has vested, it is just as good a title as if conferred by grant or will (*Industrial Co.* v. *Shultz*, 43 W. Va. 470, 27 S. E. 255); and retroactive legislation cannot destroy that title (*Hull* v. *Webb*, 21 W. Va. 318); but retroactive legislation, merely because it is retroactive, is not unconstitutional or void, unless it impairs contracts or right of property, and there is no vested right in a mere defense to a personal demand, and statutes of limitations relate only to the remedy, and may revive a remedy once barred, as held in this State in *Huffman* v. *Alderson* 9 W. Va. 616, and *Keller* v. *McHuffman* 15 W. Va. 64. Perhaps the weight of authority elsewhere is the other way; but Wood, Lim. 41, though contending that wisdom would dictate to the contrary, admits that the decision of the United States

Supreme court in *Campbell* v. *Haverhill*, 155 U. S. 620, (15 Sup. Ct. 217), that in actions upon contract, or in any class of actions in which a party does not become invested with the title to property by the statute of limitations, the legislature may, by repealing the statute, even after the right of action is barred, restore to the plaintiff his remedy, and devest the other party of the statutory bar, is based on correct reasoning, If even the demand in this case were based on contract, these principles would apply, but taxes are not a contract or debt. *Hinchman* v. *Morris*, 29 W. Va. 673, (2 S. E. 863). Were it a contract, it might with more force be said that the law in force when the contract was made would be part of it; but, being a mere tax, there can be no plausibility or color for saying that the act is unconstitutional as affecting a contract.

There is another reason against the injunction. The sheriff had not levied on anything. The taxes were not illegal, but admitted to be legal. In *White* v. *Stender*, 24 W. Va. 615, it is held that injunction does not lie to prevent sale of personalty levied on for taxes, unless it be of peculiar value, as full remedy exists by suit at law. How can we assume in advance that the sheriff would levy on property of such peculiar value that an action at law would not give indemnity for it? I do not see how the action for the taxes is material. It was dismissed "without prejudice"; but, if it had not been, Wyatt had a right to the remedy afterwards given him by the legislature, and could adopt either he chose. Therefore we reverse the decree, and dismiss the bill and injunction, but without prejudice to McEldowney's right to an action at law upon the sheriff's bond or otherwise to recover moneys alleged to be due him from Wyatt as sheriff, for fee bills and other claims placed in the hands of said sheriff by McEldowney, as he alleges. They cannot be allowed as set-off or payments against taxes, for reasons stated in *Miller* v. *Wisener* (decided this term) 30 S. E. 237.

*Reversed.*