# CHARLESTON.

STATE *ex rel.* HALLANAN, PROHIBITION COM'R. v. THOMPSON.

Submitted September 12, 1917.    Decided September 25, 1917.

1. STATUTES—*Title—Purpose of Act.*

    If the title of an act is broad enough to give a fair and reasonable index to all the purposes of the act, it is not necessary to descend to particulars in the title. (p. 700).

2. SAME—*Subject and Title.*

    The title of an act describing it as an act "relating to the establishment, classification, construction and maintenance of public roads," is broad enough to authorize the legislature to enact, as one of the provisions thereof, a statute authorizing circuit and intermediate courts and justices of the peace to sentence such male persons, over sixteen years of age, as are convicted by them of offenses punishable by confinement in jail, to work on the public roads of the county during the terms of their confinement, and also to authorize them to suspend, for good cause, so much of the sentence as requires such prisoners to labor on roads. (p. 700).

3. CRIMINAL LAW — *Suspension of Sentence — Constitutionality of Statute.*

    Sec. 114, Ch. 66, Acts 1917, is not repugnant to the Constitu-

tion and authorizes suspension, for good cause, of so much only of the judgment of conviction as requires a prisoner to work on the public road. It does not authorize a release of the fine or jail sentence, imposed as a punishment for an offense. (p. 701).

Prohibition by the State in relation of Walter S. Hallanan, State Tax Commissioner and ex-officio State Commissioner of Prohibition, against W. S. Thompson, a Justice of the Peace of Barker's Ridge District, Wyoming County.

*Writ awarded.*

*John T. Simms,* for petitioner.

*Toler & Moran* and *A. A. Lilly,* for respondent.

WILLIAMS, JUDGE:

On the petition of Walter S. Hallanan, State Tax Commissioner and ex-officio State Commissioner of Prohibition, a rule was awarded by one of the judges of this court, in vacation, on the 2nd of August, 1917, returnable on the first day of the present term, against W. S. Thompson, a justice of the peace of Barker's Ridge District, Wyoming county, commanding him to appear and show cause, if any he can, why he should not be prohibited from proceeding further in the cause of the *State* v. *I. S. Fine,* who had been adjudged by respondent guilty, on his own confession, of selling liquors unlawfully, and to pay a fine of $500.00, and serve a term of sixty days in jail. This was on the 21st of July, 1917. Defendant, by his counsel, served notice on the prosecuting attorney of said county on the 26th of July that, on the 7th of the following August, he would move the justice of the peace aforesaid to release him from the jail sentence and fine of $500, stating in the notice that the grounds of the motion would be made known at the hearing.

The power and jurisdiction of the justice to release his judgment is denied by petitioner. In his return respondent alleges that the jail sentence is not final and irrevocable, but that his judgment, in that respect, is that defendant be confined in jail for a period of two months, "or until he is released by due process of law." He insists that he thus retained control over his judgment, and that he has, by virtue

of Sec. 114, Ch. 66, Acts 1917, styled the Good Roads Law, the power and jurisdiction to remit the aforesaid sentence in whole or in part. The only question to be determined is, does the statute confer such power upon a justice of the peace as respondent contends it does, and, if so, is it in violation of the Constitution. It is not contended by counsel for respondent that, in the absence of the statute cited, a justice of the peace would have the power over his judgment, that is here contended for, and it is certain he would have no such power in the absence of statute. The judgment of an inferior court, as well as the judgment of a court of general jurisdiction, rendered after full hearing, must have finality. If not reheard in the time and manner provided by Ch. 50 of the Code, a justice's judgment passes beyond his control. He can not pronounce final judgment and thereafter modify, revoke or suspend it, unless the statute cited authorizes him to do so. The statute is as follows:

"The circuit, criminal or intermediate court wherein the said person was sentenced, or the judge thereof in vacation, or a justice before whom any such person was convicted, may, for good cause shown, release such defendant from such imprisonment and suspend the payment of fine and costs, but no such order shall be made by a justice or a judge in vacation of his court, until at least ten days notice in writing be given to the prosecuting attorney of the time and place at which the motion therefor shall be made."

Petitioner insists said section is not germane to the purposes of the act and, the title of the act containing no mention of the matters dealt with in the section, that it is void because in contravention of Sec. 31, Art. 6 of the Constitution, and for the further reason that, in effect, it attempts to vest the power to pardon and remit fines and penalties in the courts, judges and justices of the peace, which power can be exercised only by the governor in view of Sec. 11, Art. 7 of the Constitution.

The statute in question must be read and considered in connection with the sections of the act which precede it, beginning with Sec. 108. Thus read and considered the purpose of the legislature appears to have been to provide that

male persons over sixteen years of age, convicted by any court or justice of the peace of an offense punishable by imprisonment in jail or by fine and imprisonment, should be also sentenced at the same time to work on the public roads of the county, during the time of their imprisonment, and until they shall pay the fine and costs. Such provision is auxiliary to one of the main purposes expressed in the title to the act as follows: "relating to the establishment, classification, construction and maintenance of public roads," and is therefore germane. Labor is necessary to maintain the roads, and the provision relating to the working thereon of men who have been sentenced to confinement in jail for crime, is certainly not a matter foreign to the purpose as above expressed in the title. The title being broad enough to give a fair and reasonable index to the purpose of the act, it was not necessary to descend to particulars in the title. *McEldowney* v. *Wyatt,* 44 W. Va. 711; and *State* v. *Mines,* 38 W. Va. 125, (Syl. pt. 10). Sec. 114 is not, therefore, in violation of Sec. 30, Art. 6 of the Constitution.

Neither do we construe said section 114 as authorizing a court, or a judge thereof in vacation, or a justice of the peace, to suspend a jail sentence, once imposed as a penalty for an offense, of which the prisoner has been duly convicted. If such is its proper meaning it is void as being in conflict with Sec. 11, Art. 7 of the Constitution limiting the power to remit fines and penalties and grant reprieves and pardons, after conviction, to the governor. In view of that provision, the pardoning power could not properly be vested in any tribunal or person, other than the governor of the state. The legislature no doubt has the power to denominate the cases and prescribe certain regulations for the exercise of the pardoning power by the governor, but it certainly can not confer that power upon any other person or tribunal. We must construe the act, if possible, to give it some effect rather than none at all, and at the same time harmonize it with the Constitution. Sec. 108 of the act provides that all male persons, over the age of sixteen years, hereafter convicted of an offense the penalty of which is imprisonment in jail or both fine and such imprisonment, shall be sentenced to work on

the public roads during the period of their jail sentence and until the fine and costs are paid. It does not except any male person of the age stated for any cause whatever. But Sec. 110 does authorize the court or justice of the peace before whom any such prisoner is convicted, to omit from the sentence, for good cause appearing and entered of record, "that part of the penalty requiring such person to work on the public roads of the county." What constitutes such good cause it is not now necessary for us to say. We may venture to suggest, however, that physical inability to labor would be a good cause. It can not be supposed the legislature meant that men who are physically unable to labor should be sentenced to work on the roads. Again, the good cause might not exist at the time the judgment is rendered and might thereafter arise before the expiration of the sentence. Sec. 114 of the act was, therefore, intended to provide for a suspension of so much of the judgment only as requires a prisoner to work on the public road, and does not authorize a release of any part of the jail sentence, imposed as punishment for an offense.

The judgment of respondent in the present instance, is only for payment of a fine and imprisonment of accused in jail for a period of sixty days; it does not sentence him to work on the public roads during the period of his confinement in jail. Hence there is no part of his judgment which respondent can, in any event, release or suspend, although he declares in his return that it is his purpose to hear and consider the motion to suspend it, claiming that he has the right by virtue of said Sec. 114 to suspend the jail sentence. The concluding words of the judgment, "or until he is released by due process of law", does not qualify it, or prevent it from becoming final and conclusive. Such attempted reservation of control over the judgment is wholly nugatory. We will award the writ.

*Writ awarded.*