Howell Brozka *et al v.* County Court of Brooke County
*et al.*

(No. 7180)

Submitted October 6, 1931.   Decided October 20, 1931.

*R. L. Ramsay* and *J. R. Wilkin,* for appellants.
*C. K. Jacob,* for appellees.

Maxwell, Judge:

By this proceeding the plaintiffs, taxpayers of the city of Wellsburg in the county of Brooke, seek to enjoin the collection by the defendants, public authorities of said county, of a county road tax of 20c on each $100.00 of the assessed valuation of all property within the said city. The trial chancellor awarded an injunction as prayed. The defendants appeal.

The legislature enacted a new charter for the city of Wellsburg at the legislative session of 1931 (Acts 1931, chapter 82). The title of the act is as follows: "An act to amend

and reenact chapter 14 of the Acts of the Legislature, passed February twenty-first, one thousand eight hundred eighty-seven, entitled an act to create a municipal corporation of the city of Wellsburg, in the county of Brooke and to grant a charter thereto, to amend a charter of the city of Wellsburg, in the county of Brooke and to grant a charter thereto, to amend a charter of the city of Wellsburg and all acts of the legislature amendatory thereon.''

A new provision of the charter appears in section 31 thereof, which reads: ''The city shall construct, keep in repair and maintain its own roads, streets and alleys and by reason thereof shall not be required to pay any district or county road levies for the construction or maintenance of roads outside. of the city limits, except levies to pay the bonded indebtedness of the county of Brooke, now outstanding.''

Defendants assert the unconstitutionality of said section.

The first ground of attack, namely, that the purport of said section does not appear in the title of the act and therefore that the act in so far at least as said section is concerned is bad because at variance with the requirements of section 30, Article 6 of the Constitution of West Virginia, which provides, among other things, in effect, that if any object shall be embraced in an act which is not expressed in its title, the act shall be void as to so much thereof as shall not be so expressed, is not well taken. ''If the title of an act is broad enough to cover its enactment, and give fair and reasonable index to the purpose of the act, it need not descend to particulars of the enactment.'' *McEldowney* v. *Wyatt,* 44 W. Va. 711. Also *State ex rel. Hallanan* v. *Thompson,* 80 W. Va. 698. The purpose of this constitutional provision is to prevent concealment of the real purposes of an act thereby causing the members of the legislature and the people to be misled. *Dickens* v. *Railway Co.,* (Va.) 93 S. E. 625; *Macke* v. *Commonwealth,* (Va.) 159 S. E. 148. It is not the purpose of this provision to require that the title of an act shall detail its contents. *Southern Railway Co.* v. *Russell,* (Va.) 112 S. E. 700.

Defendants' second ground of constitutional attack is more

serious. The said section 31 of the Wellsburg charter is challenged on the ground that it is in violation of the last clause of section 39, Article 6 of the Constitution of West Virginia. The pertinent portion of the clause reads: "In no case shall a special act be passed, where a general law would be proper, and can be made applicable to the case * * *."

The obvious purpose of this constitutional provision is to preserve uniformity and consistency in the statutory enactments of the commonwealth. The approach to this and similar matters must be with that background. "If a general law exists which is applicable to a subject, the question whether such a law can be made applicable is resolved. The legislature has by the enactment of a general law practically decided the question. Hence if, while such a general law is in force, a special or local law is passed affecting the same subject and modifying the general law, the question of its validity is judicial; it will be held invalid in the case supposed, for, an applicable general law being in existence, it is no longer a question whether such a law can be made applicable; therefore the special or local law is prohibited." Lewis' Sutherland Statutory Construction, Vol. 1, (2nd Ed.), page 340. We have an old statute, general in its terms, which provides that the inhabitants of a municipality who construct and keep in repair the streets and highways within the municipality "shall not be required to pay any district road taxes." Code 1931, 8-7-6. It will be noted that under this general statutory provision municipalities are relieved from payment of magisterial district road taxes, but are not relieved from the payment of county road taxes. This general statute embraces all municipalities of the state alike. So that we have a situation not only where a general law would be proper, but a situation wherein such proper law is in actual existence and operation. To uphold enactments such as the one at bar would mean to make possible the destruction of uniformity of legislation in the state with reference to matters of general nature, and in direct conflict with the principle of certainty and uniformity in such matters as required by· the constitution. Take this very matter of the applicability or non-applicability

of county road levies to municipal property. It is of state-wide import. If one municipality is to be subjected to such tax, all municipalities should be likewise subjected, and, on the other hand, if some are to be relieved of this tax, then in principle all should be relieved. The general statute, *supra*, (Code 1931, 8-7-6) treats all alike. It exempts all from the district and none from the county road tax. The wisdom and justice of a constitutional provision which prohibits an act such as the one in question from making a change in a particular locality from a statewide policy, is evident and forceful. Illustrative of the applicability of a similar constitutional provisions to the one here under discussion, are the following cases from other jurisdictions:

In *City of Pasadena* v. *Stimson*, (Cal.) 27 Pac. Rep. 604, an act of the legislature which placed upon certain groups of cities burdens in the exercise of the right of eminent domain, which did not obtain under the general laws of the state pertaining to that subject, was held unconstitutional as in contravention of provisions of the state constitution which required that all laws of a general nature should have a uniform operation, and that the legislature should not pass local or special laws in cases where a general law could be made applicable. In the opinion the court says with reference to the act under consideration: ''It destroys the uniform operation of a general law, and is special in a case where a general law not only can be made applicable, but in which a general law had been enacted, and in which there is no conceivable reason for discrimination. * * * But the mode of exercising the power of eminent domain, and the conditions upon which it may be invoked, are not part of municipal organization. They are the subject of general laws applicable to every person alike, and the legislature has no power to make arbitrary discriminations in this respect between different classes of persons.''

In *State* v. *Anslinger*, (Mo.) 71 S. W. 1041, it was held that a legislative enactment which placed a different penalty on illegal voting in the city of St. Louis from that which was placed on that offense by an existing general act was uncon-

stitutional as in conflict with a constitutional provision that where a general law could be made applicable no local or special law should be enacted.

In *Tinsley* v. *State,* 109 Ga. 822, an act purporting to inhibit the sale of intoxicating liquors within a particular county until the same was authorized by a majority of the legal voters of that county, while there was in effect a general law regulating the sale of intoxicating liquors throughout the state, was held violative of that provision of the Georgia constitution which required that laws of a general nature should have uniform operation throughout the state, and no special law should be enacted in any case for which provision had been made by an existing general law.

The court of appeals of the state of Maryland, in a discussion of a constitutional provision requiring that the general assembly should pass no special law in any case for which provision had been made by an existing general law, said: ''The obvious meaning of this provision of the constitution is, that where there is a general law providing for a certain class of cases, the legislature shall not pass a special law for any particular case of that class.'' *Prince Georges County* v. *Railroad Company,* 113 (Md.) 179. See also *Baltimore City* v. *Allegany County,* 99 (Md.) 1; *Town of McGregor* v. *Baylies,* 19 Ia. 43.

''Whether a special act or a general law is proper, is generally a question for legislative determination; and the court will not hold a special act void, as contravening section 39, article 6, of the state constitution, unless it clearly appears that a general law would have accomplished the legislative purpose as well.'' *Woodall* v. *Darst,* 71 W. Va. 350. The requirements under which this Court will act, as prescribed in that holding, are met in the case at bar, for here it clearly appears not only that a general law would accomplish the purpose sought to be covered by the special enactment, but that such subject matter has in fact been covered and provided for by a general enactment.

We are of opinion, for the reasons above set forth and in the light of the foregoing authorities, that section 31 of the

Wellsburg charter (Acts 1931, chapter 82, section 31) in so far as it purports to relieve the taxpayers of the city of Wellsburg from payment of county road taxes, is unconstitutional and void; that the public authorities of the county of Brooke have properly undertaken to levy and collect such tax from the taxpayers of said municipality; and that the trial chancellor therefore erred in enjoining the levy and collection of such tax.

The decree of the trial chancellor is reversed and the bill dismissed.                                          *Reversed; dismissed.*