W. F. Boggess *v.* W. S. Johnson, *Treasurer, etc.*

(No. 7500)

Submitted December 3, 1932.   Decided December 12, 1932.

*Rummel, Blagg & Stone,* for relator.
*H. B. Lee,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for respondent.

Litz, Judge:

The relator, W. F. Boggess, seeks a writ of mandamus commanding respondent, W. S. Johnson, as state treasurer, to honor a warrant issued by the auditor in payment of his salary at the rate of $266.66 per month as "clerk and assistant to the auditor" since September 1, 1932.   Prior to that time, Boggess was deputy insurance commissioner in charge of the insurance department of the auditor's office with a salary of $4,000.00 per year.   By subsection (j), section 5, chapter 20, Acts 1932, effective September 1st, the legislature undertook to abolish the position of deputy insurance commissioner.   Thereupon, the auditor re-employed relator under his present title with the same duties and at the same salary, reduced, in accordance with the general salary reductions provided for in said chapter 20, to $3,200.00 per year.   Section 7 of the 1932 "Budget Bill" (chapter 67, Acts 1931), appropriates for expenses of the auditor's office for 1932:

"Salary of Chief Clerk...................................$ 4,000.00
Salary of deputy insurance commissioner........ 4.000.00
Salary of deputy securities commissioner...... 4,000.00

> To pay salaries of other clerks, stenographers and assistants, current general and traveling expenses, including insurance and securities department .....................................................42,150.00''

The warrant is payable out of the foregoing general appropriation.

Relator contends that the abolishment of his position of deputy insurance commissioner, which would necessarily result in a withdrawal by the state of the funds specifically appropriated for that office, does not prevent the auditor from using the general appropriation in re-employing him to perform the same duties. We cannot concur in this view, for the Legislature, in our opinion, intended to reduce the operating costs of the auditor's office by diminishing the personnel. Subsection (j), section 5 of the act reads:

> ''The employees in the department of the state auditor shall receive the reduced salaries provided by section one of this act, but such reduction shall be based upon and applicable to salaries paid as of June thirty, one thousand nine hundred and thirty- one, except that the positions of three department heads in said auditor's office who received four thousand dollars each per annum during the fiscal year ending June thirty, one thousand nine hundred and thirty-one, and the messenger, signature clerk, and the position of said department actuary are hereby abolished;
>
> ''In the fire marshal's office in said auditor's department, five assistant fire marshals and two stenographers only shall be retained, at the percentage of reduction provided in section one of this bill, and the employees classified respectively, as follows, that is to say, the employee assigned to investigation and office work, and the janitor and messenger, are each hereby directed to be discharged, and their positions abolished, and the auditor shall take judicial notice of this section and carry the same into effect in accordance with the intent and direction of the legislature.''

The use by the auditor of the general fund to retain the relator after the effective date of the act, without a correspond-

ing reduction in the remaining personnel, except for pressing necessities of his office, would defeat the purpose of the act.

It is further contended that the provision of the act abolishing the position of deputy insurance commissioner is not included in its title, and, therefore, violates Article VI, section 30 of the State Constitution, providing that no act shall embrace more than one object "and that shall be expressed in the title". The title of the act follows:

> "AN ACT authorizing and directing a reduction in the salary of each and every holder of a public office or position, or place of public employment in the state of West Virginia, or any of its subdivisions, from and after the date that this act becomes effective, or as soon thereafter as the term of the present incumbent of an office shall expire, or existing legal contracts of employment shall terminate, providing certain exceptions thereto, and also fixing the salary of the holders of certain other offices, public positions or places of public employment in this state, and certain political subdivisions thereof, as hereinafter set out and specified, and providing penalties for the violation of this act."

As stated by Judge Lively in our recent case *Moats* v. *Cook*, 113 W. Va. 151, 167 S. E. 137, involving the same statute in so far as it attempts to abolish the "positions" of members of the advisory council to the state board of education, this title by its most liberal construction expressed the purposes (1) of directing a reduction in salaries of officers of those holding public positions in the state government or any of its subdivisions; (2) fixing salaries of the holders of certain offices and public positions in the state government and certain political subdivisions thereof; and (3) providing penalties for violations. We held in that case that subsection (v) of section 5, abolishing the positions of members of the state board of education and the position of each of its advisory members, was void on the ground that it was not within the title of the act. As stated in the opinion:

> "The 'object' of an act as that word is used in section 30, Article VI of the Constitution, means the matter or thing forming the groundwork of the act. The act may contain many parts germane to the title,

but they must be such that when traced back will lead the mind to the object as expressed in the title as their generic head. Courts strive to uphold legislative acts, and construe most liberally and comprehensively the titles thereto in order to validify all their parts. On the other hand, if any object is found in the body of the act which is not so expressed in the title and which cannot logically be traced back to the title liberally construed, as its generic head, that part so found in the body of the act is void. The Constitution is the supreme law of the land and must be upheld under the oaths of all executive, legislative and judicial officers. * * * There is a strong presumption in favor of the validity of a legislative act, and where there is a doubt as to its validity, the doubt is resolved in its favor. On the other hand, courts must preserve unimpaired the organic law, and they may not disregard a plain mandate directed against surreptitious legislation.''

The title need not descend to particulars, but it must be broad enough to give a fair and reasonable index to all the purposes of the act. *Brozka* v. *County Court*, 111 W. Va. 191, 160 S. E. 914; *Bedford Corporation* v. *John D. Price, City Treasurer, etc.*, 112 W. Va. 674, 166 S. E. 380, decided this term; *Moats* v. *Cook*, cited.

We find no reasonable basis for distinguishing this from the Moats-Cook case; the only difference being that the positions of members of the advisory council to the state board of education, involved in that case, were created by general statute, while the position of deputy insurance commissioner is provided for in the Budget Bill.

The writ is, therefore, awarded.

*Writ awarded.*