THE CITY OF HUNTINGTON, *etc.*

*v.*

THE CHESAPEAKE AND POTOMAC TELEPHONE COMPANY OF WEST VIRGINIA, *etc.*

(No. 13000)

Submitted November 10, 1970.    Decided November 24, 1970.

*Huddleston, Bolen, Beatty, Porter & Copen, Amos A. Bolen, John J. Cowan, Ralph J. Bean, Jr., Frank M. Steadman, Jr.,* for appellant.

*E. Henry Broh,* City Attorney, for appellee.

CALHOUN, JUDGE:

This case is before the Court upon an appeal from a final judgment of the Circuit Court of Cabell County entered on December 11, 1969, in a declaratory judgment action instituted by the City of Huntington, as plaintiff, against the Chesapeake and Potomac Telephone Company of West Virginia, as

defendant, to determine whether Chapter 187, Acts of the Legislature, Regular Session, 1967, appearing as Article 12A of Chapter 11, Code, 1931, as amended, is in violation of certain provisions of the Constitution of West Virginia. Hereafter in this opinion reference will be made to pertinent provisions of the several sections of Article 12A as thus enacted in 1967.

After the case was appealed to this Court, the plaintiff was granted leave to move to affirm the judgment of the trial court pursuant to the provisions of Code, 1931, 58-5-25, and Rule IX of the Rules of this Court. In these circumstances, the case was submitted for decision upon the original record, upon typewritten briefs and upon oral argument of counsel.

The primary question presented for decision on this appeal is whether the trial court erred in granting a motion for summary judgment in favor of the plaintiff upon the ground that a provision of Section 3(g) is in violation of a provision of Article VI, Section 30 of the Constitution of West Virginia which is as follows: "No act hereafter passed, shall embrace more than one object, and that shall be expressed in the title." The pertinent facts of the case are undisputed. Questions presented for decision on this appeal are solely questions of law.

In 1935, the City of Huntington enacted an ordinance, known as the "Public Utility Tax," which imposed a tax upon the gross revenue of certain public utilities. The ordinance has not been repealed. The defendant paid the tax imposed by the ordinance in semi-annual payments from the date of its enactment until about March 1, 1969. At that time, the defendant refused to pay the tax for the period beginning July 1, 1968, and ending December 31, 1968. The defendant notified the officials of the City of Huntington that the collection of the tax by the City of Huntingon "was unlawful and void in view of the enactment of Chapter 187, of the Acts of the Fifty-Eighth Legislature of West Virginia, at its regular session, 1967."

Chapter 187, Acts of the Legislature, Regular Session, 1967, provides for an annual tax on the incomes of certain carriers. The last sentence of Section 3(g) contains the following

provision: "No county, city, town, village or other political subdivision of the State shall levy a license, net income or any other kind of tax on the business taxed under this article." The language quoted immediately above forms the basis of the defendant's refusal to pay the tax in question. Article 12A of Chapter 11, which was repealed in 1967, contained no similar prohibition.

Following the defendant's refusal to pay the tax imposed by the ordinance, the plaintiff instituted this action by which it prayed for a judgment declaring Chapter 187, Acts of the Legislature, Regular Session, 1967, to be invalid and unconstitutional.

The plaintiff contends that Section 3(g) of the statute is violative of Article VI, Section 30 of the Constitution of West Virginia, which has been previously quoted in this opinion, on the ground that the title to the act embraces "more than one object by establishing a tax for the State of West Virginia and, at the same time, denying the political subdivisions of the State the right, not only to impose a similar tax, but denying said political sub-divisions the right to impose any kind of a tax upon the businesses taxed thereunder." In addition, the plaintiff contends that the statute is violative of Article III, Section 4 of the Constitution of West Virginia, for the reason that the statute purports to be effective retroactively, thereby impairing the obligations of contracts and other obligations for expenditure of funds based on the city's 1966-67 budget. A third contention asserted by the plaintiff is that the 1967 act in question is in violation of Article VI, Section 30 of the Constitution of West Virginia for the reason that it purports, by Section 4 thereof, to be effective as of January 1, 1967, prior to the time of its enactment, without a two-thirds affirmative vote of the members of both houses of the legislature.

The defendant filed in the trial court an answer to the complaint in which it admitted that an actual controversy existed between the parties but denied that the 1967 act is unconstitutional in any respect and denied that the defendant owed the plaintiff any taxes. In addition to the answer, the defendant filed a counterclaim against the plaintiff in the amount

of $84,738.19, being the amount of taxes paid by the defendant, pursuant to the municipal ordinance, for the period from July 1, 1967, through June 30, 1968. The plaintiff replied to the counterclaim by asserting again the same grounds of unconstitutionality of the statute.

Each of the two parties to the declaratory judgment action filed in the trial court a motion for summary judgment. The Circuit Court of Cabell County entered an order by which it denied the defendant's motion for summary judgment and granted summary judgment in favor of the plaintiff. It is from this judgment order that the appeal to this Court was granted.

The title to Chapter 187, Acts of the Legislature, Regular Session, 1967, is as follows:

> "AN ACT to repeal article twelve-a, chapter eleven of the code of West Virginia, one thousand nine hundred thirty-one, as amended, and enact in lieu thereof a new article twelve-a of said chapter, relating to an annual tax on incomes of certain carriers."

In its written opinion, which was made a part of the record by the judgment order entered on December 11, 1969, the circuit court held that the inclusion in Section 3(g) of the language prohibiting any political subdivision of the state from levying "a license, net income or any other kind of tax on the business taxed" pursuant to the statute was not sufficiently embraced by the language of the title to the act and that, therefore, Section 3(g) was in violation of Section 30 of Article VI of the Constitution of West Virginia. The trial court did not rule on either of the two questions raised by the plaintiff in relation to the alleged retroactive nature of the 1967 act in question, nor did it rule upon questions raised by the counterclaim asserted by the defendant.

In his written opinion, the trial judge questioned the constitutionality of Section 3(g) of the statute under Article X, Section 9 of the Constitution of West Virginia, which provides that municipal taxes "shall be uniform." In the light of the question thus raised but not decided by the trial court, counsel for the plaintiff asserts in his brief in this Court that

Section 3(g) of the statute prevents uniform taxation and provides for "an arbitrary and capricious classification of business for purpose of taxation by the State and denial of taxation by political subdivisions of the State."

As we have stated previously, the trial court predicated its judgment of unconstitutionality of Section 3(g) solely upon a provision of Article VI, Section 30 of the Constitution of West Virginia which is as follows: "No act hereafter passed, shall embrace more than one object, and that shall be expressed in the title." None of the other constitutional questions asserted by the plaintiff in this Court was decided by the trial court.

The general rule is that this Court, in the exercise of its appellate jurisdiction, will not decide nonjurisdictional questions which have not been decided by the court from which the case has been appealed. *Western Auto Supply Company v. Dillard,* 153 W.Va. 678, pt. 1 syl., 172 S.E.2d 388. Counsel for the City of Huntington asserts that the general principle of law stated immediately above does not apply to questions of constitutionality of statutes when such questions have been asserted, though not decided, in the trial court. No authority has been cited in support of that contention. We are not aware of a recognition of such an exception to the general rule in any of the prior decisions of this Court, many of which decisions are cited in *Western Auto Supply Company v. Dillard,* 153 W.Va. 678, 680-681, 172 S.E.2d 388, 391. The general rule is stated without qualification or exception in 4 C.J.S., *Appeal and Error,* Section 39 at page 152, as follows: "It is essential that there has been a decision of an inferior court, since an appellate court is, on appeal, a court of review and not a court of first instance, exercising jurisdiction only in reviewing the rulings of the trial court, and being limited to a review of the judgment, order, or decree of the court from which the appeal is taken, * * *." The Supreme Court of Appeals of Virginia has held that the constitutionality of a statute, or at least the constitutionality of a penal statute, may be raised for the first time on appeal. *Almond v. Day,* 197 Va. 419, 430, 89 S.E.2d 851, 858-59; *Burnette v. Commonwealth,* 194 Va. 785, 75 S.E.2d 482.

While we find no basis for departing in this case from the general rule stated above, we have, in the interest of complete fairness, considered the constitutional questions raised in the trial court but not decided by it, and we consider all questions in this category to be lacking in substantial merit.

The 1967 act in question clearly was made effective as of July 1, 1967. While it is provided in Section 4 that Section 2 and Section 3, which provide for imposition of taxes by the state, "shall be given effect in determining the taxes due and payable under this article for all tax years or portion thereof beginning on or after" January 1, 1967, the effective date of the statute, July 1, 1967, is clear and undisputed. The statute, in this respect, is not improper on the basis of its alleged retroactivity. *Baldwin v. City of Martinsburg*, 133 W.Va. 513, 529, 56 S.E.2d 886, 895; 16 C.J.S., *Constitutional Law*, Section 304, page 1323. We are not concerned in this case with taxes imposed by the state pursuant to the provisions of the statute in question.

We are of the opinion that the question asserted most confidently by counsel for the plaintiff is that pertaining to the sufficiency of the title of the 1967 act in relation to the provisions of Section 3(g) which prohibit imposition by a municipality of a tax such as that involved in this case. Obviously this is the contention which appealed most forcefully to the trial court and the only contention upon which the judgment of the trial court was predicated. It is this contention, we believe, which presents the basic question for decision on this appeal.

*State ex rel. Myers v. Wood*, 154 W.Va. 431, 175 S.E.2d 637, is the last in a long series of prior decisions of this Court involving the requirement of Article VI, Section 30, of the Constitution of West Virginia that no act of the legislature "shall embrace more than one object, and that shall be expressed in the title." That case involved an act of the legislature which, according to the title of the act, related "to the administration and financial affairs of the state and to the department of finance and administration, its powers and duties." The act created and defined a criminal offense and

provided for a penalty for violation thereof. The Court held in the *Myers* case that the provisions relating to the criminal offense were invalid and could not form the basis of a conviction of a criminal offense because of the fact that the title of the act made no reference to the creation of such criminal offense. It is true that Section 22 of the statute here in question creates certain criminal offenses in relation to Article 12A and prescribes penalties for violation thereof. These provisions, however, are in no respect involved in the present case, which is purely a civil case.

It is difficult, if not impossible, to state an inflexible or precise rule relative to the sufficiency of the title of an act of the legislature in relation to the constitutional requirement that no act of the legislature "shall embrace more than one object, and that shall be expressed in the title." It is true, nevertheless, that certain fairly precise legal principles have been established by this Court and appellate courts of other jurisdictions which furnish helpful guidelines and standards by which the question of constitutionality may be determined in a given case.

Broad general principles by which courts must be guided in deciding any question of constitutionality of a legislative enactment were summarized by the Court in the first point of the syllabus of *State ex rel. Appalachian Power Company v. Gainer*, 149 W.Va. 740, 143 S.E.2d 351, as follows:

> "In considering the constitutionality of a legislative enactment, courts must exercise due restraint, in recognition of the principle of the separation of powers in government among the judicial, legislative and executive branches. Every reasonable construction must be resorted to by the courts in order to sustain constitutionality, and any reasonable doubt must be resolved in favor of the constitutionality of the legislative enactment in question. Courts are not concerned with questions relating to legislative policy. The general powers of the legislature, within constitutional limits, are almost plenary. In considering the constitutionality of an act of the legislature, the negation of legislative power must appear beyond reasonable doubt."

General principles relating to sufficiency of titles of legislative acts in relation to constitutional provisions such as that involved in this case are stated in 50 AM. JUR., *Statutes,* Section 173, pages 153-54, as follows:

> "The title of a statute will generally be regarded as sufficient, not only where the subject or object of the act is clearly disclosed by the title, but also where it fairly or reasonably expresses, embraces, or indicates , the general subject or object, is directly or indirectly related, germane, cognate, incidental, auxiliary, or subservient thereto, and has a proper, fair, reasonable, consistent, natural, or necessary connection therewith, so that the subject matter of the statute is not foreign to that expressed in the title, and may be easily determined, or readily inferred, therefrom. Indeed, for a law to be valid, its subject or object must not be foreign to the title but must be so expressed in its title as to give a reasonable or fair notice, suggestion, or indication thereof."

The general principles stated in the quotation appearing immediately above have been recognized and adhered to by this Court. *State ex rel. Graney v. Sims,* 144 W.Va. 72, pts. 1 and 2 syl., 105 S.E.2d 886; *State ex rel. McMillion v. Stahl,* 141 W.Va. 233, 238-239, 89 S.E.2d 693, 698; *State ex rel. Dyer v. Sims,* 134 W.Va. 278, 287, 58 S.E.2d 766, 772; *City of Wheeling ex rel. Carter v. American Casualty Company,* 131 W.Va. 584, 594-595, 48 S.E.2d 404, 410; *Brewer v. City of Point Pleasant,* 114 W.Va. 572, pts. 2 and 3 syl., 172 S.E. 717; *Boggess v. Johnson,* 113 W.Va. 193, 167 S.E. 82; *Moats v. Cook,* 113 W. Va. 151, pt. 1 syl., 167 S.E. 137; *Brozka v. County Court of Brooke County,* 111 W.Va. 191, 160 S.E. 914; *State v. Scarbrough,* 108 W.Va. 9, 150 S.E. 219; *State v. Furr,* 101 W.Va. 178, pts. 1 and 2 syl., 132 S.E. 504; *Casto v. Upshur County High School Board,* 94 W.Va. 513, 520, 119 S.E. 470, 473; *State v. Haskins,* 92 W.Va. 632, pts. 2 and 3 syl., 115 S.E. 720; *State ex rel. Hallanan v. Thompson,* 80 W.Va. 698, pt. 1 syl., 93 S.E. 810; *McEldowney v. Wyatt,* 44 W.Va. 711, 30 S.E. 239; *State v. Mines,* 38 W.Va. 125, pts. 10 and 11 syl., 18 S.E. 470; *Chesapeake & Ohio R. R. Co. v. Patton,* 9 W.Va. 648, 655-656. The same general principles are adhered to and applied in Virginia. *Kingan, Inc. v. City of Richmond,* 198 Va. 820, 97 S.E.2d 11.

By briefs and oral argument, counsel for the respective parties have questioned whether the language of Section 3(g) embodies an exception, an exemption or a prohibition. We are of the opinion that this involves a mere matter of semantics and a matter of dealing in alleged distinctions which are lacking in substantial difference. Whether the language is regarded as an exception, as an exemption or as a prohibition, the question remains whether the language in question, when measured by pertinent legal principles and precedents, is violative of the constitutional provision relating to titles of legislative acts. This, in turn, involves determination of the question whether the provisions of Section 3(g) reasonably can be said to be germane, incidental, auxiliary or subservient to the object expressed in the title of the act.

We are of the opinion that the language of Section 3(g) properly meets the test stated immediately above. The object of the act, as expressed in its title, relates to "an annual tax on incomes of certain carriers." The language of Section 3(g) provides that no county, city, town, village or other subdivision of the state shall levy a license, net income *"or any other kind of tax on the business taxed under this article."* (Italics supplied.) While the language of Section 3(g) may be, in some degree, unskillfully worded, it is clear that such language prohibits the City of Huntington from levying "any * * * kind of tax on the business taxed under" the statute.

Inasmuch as the title of the act distinctly states that its object relates "to an annual tax on incomes of certain carriers," we believe that such language is sufficient to alert everybody who might be concerned, particularly carriers and levying bodies of political subdivisions of the state, to the fact that the legislature had the power to extend or to withhold from political subdivisions of the state the right to impose a tax on carriers taxed under the provisions of the statute.

For reasons stated in this opinion, the motion to affirm the judgment of the trial court is overruled. Accordingly the judgment of the Circuit Court of Cabell County is reversed and the case is remanded to that court for such further proceedings as may be proper and consistent with this opinion.

*Reversed and remanded.*