IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED

**February 27, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**FRANK DEGEORGE,**
**Respondent Below, Petitioner**

**v.) No. 25-ICA-330**    (Fam. Ct. Monongalia Cnty. Case No. FC-31-2024-D-106)

**ALLISON DEGEORGE,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Frank DeGeorge ("Husband") appeals the Family Court of Monongalia County's July 17, 2025, Final Divorce Order. In that order, the family court, among other things, determined that the parties' date of separation was April 16, 2024, equitably distributed the parties' assets which resulted in Husband owing Respondent Allison DeGeorge ("Wife") an equalization payment of $89,448.05, found that Husband owed Wife $10,875.00 for past due temporary support, and denied Husband's request for attorney fees. Wife filed a response in support of the family court's order.[1] Husband filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were married on May 28, 1983, in the Commonwealth of Pennsylvania. They share four children born during the marriage who have all reached the age of majority. Wife initially petitioned for divorce in June of 2020, but ultimately dismissed her petition on April 12, 2021. In the three years that followed, the parties maintained their marital status while living separately but made efforts to reconcile. However, those efforts were unsuccessful, and Wife petitioned for divorce a second time on April 16, 2024, alleging irreconcilable differences.

Husband initially represented himself in the second divorce, and filed a pro se response on April 22, 2024, admitting to irreconcilable differences. An initial hearing was held on July 16, 2024, after which a temporary order was entered on July 30, 2024. Under the terms of the temporary order, the family court ordered that Husband was to pay Wife

---

[1] Husband is self-represented. Wife is represented by Amber Urtso Sellaro, Esq.

1

temporary spousal support in the amount of $2,175.00 per month. In the month that followed, Husband retained counsel, who made an appearance on August 21, 2024.

The parties agreed that they divided personal property to their mutual satisfaction and the only marital assets to be distributed between them were the marital home subject to a home equity line of credit ("HELOC"), three (3) retirement accounts, and a whole life insurance policy with cash value. Husband also sought credits for payments he made on Wife's behalf after she moved from their home. The parties and counsel participated in a settlement conference on October 17, 2024, but were unable to reach an agreement. Thus, the matter was set for a final hearing on April 21, 2025.

At the first final hearing on April 21, 2025, Wife presented her case-in-chief, including the testimony of a real estate appraiser for the parties' last marital home and her own testimony supported by exhibits introduced as evidence and made a part of the record. She was then cross-examined by counsel for Husband. Husband then took the stand and was examined by his counsel. Following direct examination of Husband, the remainder of the hearing was continued to a later date. The family court entered a post-hearing order on May 5, 2025, requiring Husband to resume the monthly support obligation of $2,175 as of May 1, 2025, consistent with the prior temporary order of July 30, 2024. Following the April 21, 2025, hearing, counsel for Husband withdrew from representing Husband. On the second day of the final hearing, held on July 15, 2025, counsel for Wife cross-examined Husband, and then Husband testified again on his own redirect examination.

Following the second day of the final hearing, the family court entered its Final Divorce Order on July 17, 2025. In that order, relevant to the issues on appeal, the family court found, consistent with the testimony of Wife, that after Wife dismissed her initial petition for divorce, the parties went on dates, attended counseling and marital retreats, represented themselves as a married couple, attended family functions together, traveled together, and vacationed as a family. Further, they continued to conduct their financial affairs together, and jointly filed their income tax returns, despite living separately. Eventually, the parties discussed their progress with reconciliation and decided they would divorce, which resulted in Wife filing the present action on April 16, 2024. Accordingly, the family court found that the date of separation was April 16, 2024.

The family court also noted that though Husband claimed he was entitled to credits based on *Conrad v. Conrad*, 216 W. Va. 696, 612 S.E.2d 772 (2005) for various payments he made on marital debt since the parties' separation, his exhibits incorrectly listed the parties' separation as occurring in 2020, not April 16, 2024. Ultimately, the family court held that Husband was entitled to $477.33 in *Conrad* credits.

The family court further found that the parties' last marital home was appraised on March 1, 2024, for $355,000. This value considered the condition of the roof and the deck at the time of the appraisal. The family court noted that Husband argued that this appraisal

was incorrect and should be $320,045 but there was nothing in the record to substantiate that value. Accordingly, the family court found that the appropriate value of the marital home was $355,000.00 at the time of separation. The family court noted that Wife took out a $40,000 draw on the HELOC on the last marital home but Wife agreed to a $40,000 offset for her portion of equitable distribution. The family court awarded Husband the marital home.

Regarding financial accounts, the family court found that there were three retirement accounts that "had gone into pay status" and that Husband failed to pay over to Wife her share of these payments. As a result, Husband owed Wife $10,087.89 for her share of the distributions already made from those accounts. As to the life insurance policy, the family court found that both parties submitted evidence that indicated that Wife was to become sole owner of the policy with a value of $115,325.05.

Ultimately, the family court found that Husband owed Wife $89,448.05 as an equalization payment for equitable distribution. Further, Husband owed Wife $10,875 for past due temporary spousal support. Also, the family court denied Husband's request for attorney fees on the basis that Husband did not provide any evidence of the *Banker*[2] factors and Husband had more than sufficient funds to pay his own attorney fees. It is from this July 17, 2025, final divorce order that Husband appeals.

For these matters, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Husband first asserts that the family court erred in finding that the parties' date of separation was April 16, 2024. We disagree. "Under the clearly erroneous standard, if the findings of fact and the inferences drawn by [the family court] are supported by substantial evidence, such findings and inferences may not be overturned even if a [reviewing court] may be inclined to make different findings or draw contrary inferences." *Campbell v. Campbell*, No. 23-ICA-149, 2023 WL 9317990, at *3 (W. Va.

---

[2] *See* Syl. Pt. 4, *Banker v. Banker*, 196 W. Va. 535, 474 S.E.2d 465 (1996) (specifying the analysis to be conducted for an award of attorney's fees in a family court matter).

Ct. App. Dec. 27, 2023) (memorandum decision) (citing *Stephen L.H. v. Sherry L.H.*, 195 W. Va. 384, 395, 465 S.E.2d 841, 852 (1995) (*superseded by statute on other grounds*)). While Wife initially filed for divorce in 2020 and the parties lived separately, Wife presented evidence that after she dismissed her initial petition for divorce, the parties went on dates, attended counseling and retreats, attended family functions together, traveled together, vacationed as a family, continued to conduct their financial affairs together, and jointly filed their income tax returns until Wife filed her second petition for divorce on April 16, 2024, which is the date the family court found as the date of separation. Husband failed to present testimony or documentation rebutting this evidence. Accordingly, we cannot say that the family court's finding is clearly erroneous.

Next, Husband argues that the family court made several incorrect rulings regarding financial matters. Again, we disagree. As our Supreme Court of Appeals has held,

> An appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment.

Syl. Pt. 5, *Morgan v. Price*, 151 W. Va. 158, 150 S.E.2d 897 (1966); *Cobble v. Lester*, No. 24-ICA-201, 2024 WL 5201017, at *2 (W. Va. Ct. App. Dec. 23, 2024) (memorandum decision). Further, as an appellate court, this Court is limited in its review to the record developed before the lower court and will not pass upon matters not presented to the lower court. *See City of Huntington v. Chesapeake & Potomac Telephone Co.*, 154 W. Va. 634, 639, 177 S.E.2d 591, 595 (1970) (declining to address matter not decided by lower court); Rule 6 W. Va. R. App. P. ("The record on appeal consists of the documents and exhibits filed in the proceedings in the lower tribunal[.]") Here, while Husband's brief refers to documents in his appendix that he asserts supports his arguments, he admits that he included documents in his appendix that were not part of the record below. Further, the majority of the appendix submitted by Husband does not appear to have been filed with the family court and his appendix does not contain a certification that the documents in the appendix are true and accurate copies of the items contained in the record of the family court.[3] This Court cannot consider new evidence on appeal. Accordingly, Husband has failed to meet his burden of showing that the family court erred in its rulings as to these financial matters.

Therefore, we affirm the family court's July 17, 2025, Final Divorce Order.

Affirmed.

---

[3] *See* Rule 7(c)(2) of the West Virginia Rules of Appellate Procedure (requiring a certification by Husband that the contents of the appendix are true and accurate copies of items contained in the record of the lower tribunal).

**ISSUED:**  February 27, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White