ANNA McGUIRE, Respondent, v. C. J. BROCKMAN *et al.*, Appellants.

Kansas City Court of Appeals, May 14, 1894.

1. Tender: NO DEPOSIT: REVESTING MORTGAGED ESTATE: COMMON LAW: STATUTE. Though at common law a tender made on the law day and refused, satisfies the condition of the mortgage and revests the estate in the mortgagor, yet, under the statute of this state and its construction in *Landis v. Saxton*, 89 Mo. 375, the tender of the amount due on the mortgage debt, does not extinguish the mortgage security, and the only effect thereof is to stop the running of interest unless the tender is kept good by deposit.

2. Tax Bills: TENDER WITHOUT DEPOSIT: INTEREST. The tender of the amount due on tax bills without a deposit thereof does not discharge the lien of such bills and only stops the running of interest called for by the bills and nothing more.

3. Tender: PAYMENT: TAX BILLS. Tender is not payment; and a tax bill carries no personal liability whatever; if tender discharged the lien, it would amount to payment.

4. Tax Bills: TAXES DISTINGUISHED. Special assessments for street improvements are not taxes in the proper and usual sense, but are charges for improvements which enhance the owner's property for which he should render compensation.

McGuire v. Brockman.

*Appeal from the Jackson Circuit Court.*—HON. JAMES. GIBSON, Judge.

AFFIRMED.

*Beardsley & Gregory* for appellant.

(1) "At common law a tender made at the law day, and refused, satisfies the condition of the mortgage as fully as if payment had been made, and revests. the estate in the mortgagor, who may re-enter forthwith. But if the mortgage secures a debt, this subsists as a personal duty after the estate is divested by the tender, and may be recovered as a personal obligation by an action at law. If, however, the mortgage secures a gift which is not a debt, the gift is lost with the estate. *Darling v. Chapman,* 14 Mass. 104; *Willard v. Harvey,* 5 N. H. 252; *Schearff v. Dodge,* 33 Ark. 345; Jones on Mortgages [3 Ed.], sec. 891; Coke on Littleton, sec. 338. The rule in New York, Michigan and Missouri is that a tender of the amount due on a mortgage even after law day *ipso facto* discharges the lien of the mortgage. To have this effect, it is not even necessary that the money should be brought into court, or that it should be shown that the tender has ever since been kept good. Jones on Mort., sec. 893; *Merritt v. Lambert,* 7 Paige's Chan. 344; *Kortright v. Cady,* 21 N. Y. 343. In this case it was also established that it was. not necessary to follow up the averment of *tout temps prist* with bringing the money into court. *Stewart v. Brown,* 48 Mich. 383; 12 N. W. Rep. 499. The Missouri doctrine is laid down in *Olmstead v. Tarsney,* 69 Mo. 399, which was a case involving a special tax bill, similar to those in suit, and not a mortgage. See, also, *Thornton v. Bank,* 71 Mo. 232. (2) In some cases it is. held that tender need not be kept good if used as a defense to a suit for foreclosure of the lien as in case at

bar. It is only where the owner of the land goes into court seeking affirmative relief to discharge the lien from the land and sets up the tender that he must make the tender good before the affirmative relief will be granted him. *Landis v. Saxton*, 89 Mo. 383; *Tutthill v. Morris*, 81 N. Y. 94. In *Woolner v. Levy*, 48 Mo. App. 474, the plaintiff was asking for affirmative relief. *Campbell v. Seeley*, 38 Mo. App. 301. (3) But these tax bills are not only liens which can be foreclosed like a mortgage, with incidents similar to a mortgage, but they are also taxes. "A special assessment is a tax." *Garrett v. St. Louis*, 35 Mo. 508. The almost universal rule is that a tender of a tax lien discharges it and makes it absolutely unenforceable against the land, even though the tender be not kept good, and no personal judgment can be obtained. Black on Tax Titles, section 192. This is the invariable doctrine of the United States supreme court. *Tracy v. Irwin*, 18 Wall. 540; *Atwood v. Weems*, 99 U. S. 186; *United States v. Lee*, 106 U. S. 200.

*Boland & O'Grady* for respondent.

(1) The case of *Olmstead v. Tarsney*, 69 Mo. 399, is not decisive of the case at bar, as the question herein was not before the court in that case nor passed upon by it. *Thornton v. National Bank*, 71 Mo. 232. In a suit on a special tax bill, no personal judgment can be rendered against the owner of the land. *City of St. Louis v. Allen*, 53 Mo. 44; *Seibert v. Allen*, 61 Mo. 488; *City of Louisiana v. Miller*, 66 Mo. 467; *Vance v. Corrigan*, 78 Mo. 96. A special assessment is not a tax in the strict sense of that word, nor subject to the same procedure for its enforcement or defense. *Sheehan v. Good Samaritan Hospital*, 50 Mo. 155. (2) In any event, the tender made by defendant was not kept good by the payment of the money into the court and can

avail him nothing, as was expressly ruled in *Woolner v.*
*Levy*, 48 Mo. App. 474; Jones on Chat. Mort., sec.
635 *et seq.*; *Campbell v. Seeley*, 48 Mo. App. 301;
*Landis v. Saxton*, 89 Mo. 382, 383.

GILL, J.—This is an action on special tax bills
issued for the construction of sidewalks in front of
defendant's property in Kansas City. The evidence
tends to prove that shortly after the bills were issued
and before this suit was brought, defendant Brockman
made a tender of the full amount due to Christopher
McGuire, the husband and agent of the plaintiff, but
such tender was refused.

It is upon this tender alone defendants rely to
defeat the action. The tender was not followed with a
deposit in court; but the contention is, that the mere
tender before suit was brought for the amount due on
the tax bills, *ipso facto*, satisfied and wholly discharged
the bills. The lower court declined to adopt this theory
and the defendants appealed.

I. To sustain their position defendant's counsel
rely on the old common law rule relating to mortgages,
that a tender made at the law day and refused, satisfies
the condition of the mortgage as fully as if payment had
been made, and revests the estate in the mortgagor.
Conceding for the sake of argument, that a special
tax lien is in the nature of a mortgage or deed of trust
to secure a debt, and we find that our supreme court
has effectually disposed of defendant's contention; and
has decided, that the only effect of a tender without
subsequent deposit is to stop interest, and that it does
not discharge the security.

*Landis v. Saxton*, 89 Mo. 375, was a suit in equity
to enjoin the sale of real estate under a deed of trust
which had been executed by the plaintiff, the dispute
being as to the amount due on the debt secured.

Landis alleged and introduced evidence tending to prove the tender, before suit brought, of the amount called for by the deed of trust after giving himself credit for $1,000 to which he said he was entitled. Defendant denied the right to any such credit and asked in his cross bill for a foreclosure of the deed of trust. In answer to the claim made in counsel's brief, that "the tender had the effect to satisfy the lien of the mortgage," Judge BLACK, speaking for the court, uses this language: "Section 1008, Revised Statutes, provides that 'where a tender and no deposit shall be made as provided in the preceding section, the tender shall only have the effect, in law, to prevent the running of interest or accumulation of damages from and after the time such tender was made.' While a tender was made by plaintiff to the defendant on the tenth of June, 1881, we do not understand that any deposit of the money tendered was ever made in court, and the only effect of the tender, if sufficient in amount, was to stop the running of interest. *The tender can not have the effect to deprive the defendant of his security created by the deed of trust* for so much as may be found due at the time the tender was made." The learned judge then further admits the existence of authorities, holding that where a tender has been made of the amount due it discharges the lien, but says that even in those cases where the party seeks to have the incumbrance satisfied payment of the amount due at the date of tender must be made. "*But so far as this case is concerned*," says the court, "the statute before quoted is conclusive; and as before stated the only effect of the tender was to stop the running of interest."

It will be seen by a close inspection of the opinion in the *Landis case*, and from which we have liberally quoted, that our supreme court has construed the statute on tenders as a modification of the old common

law rule before stated, and practically declares that a tender of the amount due on the mortgage debt does not extinguish the mortgage security, and that the only effect thereof is to stop the accruing of interest.

In view of this announcement by the supreme court, we are relieved of further comment on the numerous authorities collated by defendant's industrious counsel. We think the statute referred to in *Landis v. Saxton* (sections 6210, etc., R. S. 1889, in practice before justices of the peace, and 2937, etc., relating to proceedings in circuit courts) must control the decision of the case at bar. If defendant Brockman, before suit brought on these tax bills, made a tender to the holder or her agent of the amount then due thereon, but failed to keep the tender good by deposit in court, then the effect of such tender was only to stop the running of interest called for by the bills, and nothing more.

Tender is not payment. *Raymond v. McKinney,* *ante,* 303. And yet if defendant's contention is correct it would be treated as payment, since there is no personal liability for the amount of such special assessments as this. An administration of legal principles that would lead to this absurdity should be avoided.

These special assessments for street improvements are not taxes in the proper and usual sense, but are charges made for improvements done to the owner's property for which he is called on to compensate. They are not considered burdens "but as an equivalent or compensation for the enhanced value which the property derives from the improvement." *City to use of Coates v. Ridenour,* 84 Mo. 253–258, and authorities cited. There is no force then in the last point made in defendant's brief.

The judgment of the circuit court is affirmed. All concur.