# CHARLESTON.

STATE *v.* DOMINIC CORDI

(No. C. C. 394)

Submitted January 12, 1927. Decided January 18, 1927.

STATUTES—*Statute Denouncing Keeping Dog by Unnaturalized Foreign-born Resident Held Unconstitutional, As Containing Object Not Expressed in Title (Acts 1925, c. 83, § 6; Const. Art. 6 § 30.)*

Section 6 of Chap. 83, Acts 1925, which imposes penalties upon an unnaturalized foreign-born resident of this State for

owning, keeping, or permitting to remain upon any premises under his control in the State, a dog of any kind, is in violation of that part of Sec. 30, Art. VI of the Constitution, which inhibits the incorporation in an act any object which is not expressed in the title.

(Statutes, 36 Cyc. p. 1047.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Case Certified from Circuit Court, Preston County.

Dominic Cordi was prosecuted, as an unnaturalized foreign-born resident, for keeping a dog. After overruling his demurrer to the warrant and motion to quash, the trial court certified its ruling.

*Ruling reversed.*

*Howard B. Lee*, Attorney General, and *J. L. Wolfe*, Assistant Attorney General, for the State.

*F. E. Parrack*, for defendant.

LIVELY, JUDGE:

Defendant, Dominic Cordi, was arraigned on a warrant charging him as an unnaturalized foreign-born resident of the State, with unlawfully owning and keeping a dog and permitting the same to remain upon premises under his control. Upon appeal to the circuit court, he demurred to the warrant and moved to quash. The court overruled the demurrer and motion, and certified its ruling for review, upon joint application of the parties.

The warrant is based on Sec. 6, Chap. 83, Acts 1925, which reads: "It shall be unlawful for any unnaturalized foreign-born resident of this state to own, keep or permit to remain upon any premises under his control a dog of any kind within this state, and any person violating this section shall be guilty of a misdemeanor and upon conviction thereof, before any court or justice of the peace having jurisdiction of the offense, shall be imprisoned in the county jail at hard labor not in excess of sixty days and fined not in excess of one hundred dollars, either or both, in the discretion of the court or justice trying the same."

The grounds of demurrer are that the warrant is not in proper form; that the nationality of defendant is not stated

therein; that the venue is not charged, and that the section of the statute quoted is unconstitutional as in contravention of the equal protection clause of the 14th Amendment of the Constitution of the United States; and in violation of Sec. 5, Art. 2 of the State Constitution, which says, "No distinction shall be made between resident aliens and citizens, as to the acquisition, tenure, disposition or descent of property;" and in violation of Sec. 30, of Article 6, State Constitution, providing that no act of the legislature shall embrace more than one object and that shall be expressed in the title, and especially that part which reads, "But if any object shall be embraced in an act which is not so expressed, the act shall be void only as to so much thereof as shall not be so expressed."

Passing over the grounds alleged as to the form of the warrant and the want of venue therein as not well taken, we come to the question of the constitutionality of the section as violative of that part of Sec. 30, Art. 6 of the State Constitution above quoted, which says that if any object be embraced in an act which is not expressed in the title, that part of the act not covered by the title shall be void.

The title to the act in question is as follows: "An Act for the protection of sheep, lambs, goats, kids and other property and providing compensation to the owner for the destruction, loss or injury by dogs for any sheep, lambs, goats, kids and other property and providing for damages to persons by dogs and also providing for taxation and protection and making dogs property and fixing punishment for any violation of this act."

The title to an act must be liberally construed in order to give validity to all of its parts. Only one object or purpose can be the subject of an act. If any part is germane to the object or purpose expressed in the title, and which when traced back will lead the mind to the object so expressed as the generic head, it is valid although not expressed specifically in the title. Lewis' Sutherland Stat. Construction, (3rd Ed.) Sec. 118; *State* v. *Mines,* 38 W. Va. 125. And every presumption is made in favor of the validity of an act in all its parts, and it, or any portion, should never be declared unconstitutional except when it is in plain contravention of the organic

law.   And if there be doubt as to its validity, that doubt must
be solved in favor of its constitutionality.   *Booten* v. *Pinson,*
77 W. Va. 412; *State* v. *County Court,* 60 W. Va. 339.   On the
other hand, the Constitution in all its requirements must not
be violated, and where it plainly appears that some object
has crept in an act which is clearly without the purview of the
title, and has no necessary or proper connection with the object
expressed in the title, that incongruous part should be
promptly condemned.   The rule is very well stated in *Blair* v.
*Chicago,* 201 U. S. 400, 452, in this language: ''All that can
reasonably be required is, that the title shall not be made to
cover legislation incongruous in itself, and which by no fair
intendment can be considered as having a necessary or proper
connection.''   See *Kaufle* v. *Delaney,* 25 W. Va. 410.

Bearing these basic principles in mind, we will examine the
object of the act as expressed in the title, to ascertain if said
Sec. 6 falls within its purview and is germane thereto; and
whether when reading said section its object can be logically
traced back to the title as its generic head.   According to the
title, the object of the act is to protect sheep, lambs, goats,
kids and other property; to provide compensation to owners
for injury and loss to sheep, lambs, goats and kids by dogs;
to provide for damages to persons by dogs; and to provide
for taxation and protection of dogs as property, and for
penalties for any violation of the act.   An inspection of the
act makes it clear that the object of the bill was to make dogs
property, and when assessed as such to provide penalties for
killing them without cause, or stealing them; and from the
revenue derived from the taxation of dogs to reimburse the
owners of sheep, lambs, &c. for loss and injury to their flocks
from the ravages of dogs; to provide for the destruction of
dogs actually found to be sheep killers; also to provide a
method of ascertaining damages to sheep and the like, caused
by dogs, and how such damages may be recovered by suit
against the owner, if responsible.   The basic purpose is the
taxation of dogs to provide a revenue to reimburse owners of
sheep and similar property which have been killed or injured
by dogs; and to provide a method and remedy for ascertaining

damages to persons and property caused by dogs, and the assertion of the same against their owners.

What relation has Section 6, above quoted, either to the object of the act as expressed in the title, or to the obvious purpose gathered both from the title and the body of the act? It prevents by penalty of fine and imprisonment any unnaturalized foreign-born resident from owning a dog of any kind, or permitting one to remain on premises under his control. If it be a poodle dog, or that class of dogs which are sometimes designated as "lap dogs" and hence no menace to sheep or other like property, the penalty is imposed. Likewise whether it is owned and kept in the city or in the country. The title most liberally construed would lead no one, legislator or citizen, to suspect that such provision would even likely appear in the act. Nor would a consideration of the Section lead the mind back to the title as its generic head. It is incongruous with the object, and cannot be considered by any fair intendment as having a necessary or proper connection with the title. Where parts of an act are not so correlated to the object expressed in the title they cannot stand. Surreptitious and incongruous legislation cannot be covered by a general title. Could any person by reading this title ever guess that an unnaturalized foreign-born resident would be penalized for owning a poodle dog in a city?

In *Stewart* v. *Tennant,* 52 W. Va. 559, the title was "An act concerning the limitation of actions in certain cases," and the act provided that a person or persons in peaceable possession of land under lease for oil or mineral continuously for three years, and who had bored the land, and in good faith expended money in such boring and operating, could plead such facts in bar to any action brought to recover possession of the lease or the profits received therefrom. This court held the act to be unconstitutional, although the substance of the act was germane to the general subject of limitation of actions mentioned in the title. There was no expression in the title of the object and purpose disclosed by the body of the act, in the sense that no person could tell from reading the title that the object was what the act itself disclosed, or that it had any object except the limitation of actions generally. See page

572 of the opinion. The act was condemned because the title, although general, covered legislation incongruous in itself, and which by no fair intendment could be considered as having a necessary or proper connection therewith. A general title was used to conceal the real nature of the act and was misleading.

And in the more recent case of *State* v. *Haskins,* 92 W. Va. 632, we held that a part of an act which inflicted punishment for the larceny of motor cars or their parts, was invalid, because no person, legislator or citizen, would suspect from an inspection of the title that such legislation would be incorporated therein, citing *Walker* v. *State,* 49 Ala. 329; *Commonwealth* v. *Densmore,* 29 Pa. Co. Ct. Rep. 217, and many other cases, to the effect that any part of an act which is not so correlated to the object expressed in the title as to appear to follow as a natural and legitimate complement, such part is without validity, being in contravention of the Constitution. Under the well-established principle accentuated in these cases, we hold that Sec. 6 of Chap. 83, Acts 1925, under which the warrant was issued, is violative of Sec. 30, Art. 6 of the Constitution.

On the other ground urged, namely; that said Section 6, even if it had been specifically mentioned or covered by the title, would be violative of Sec. 5, Art. 2 of the Constitution, which says that, ''No distinction shall be made between resident aliens and citizens, as to the acquisition, tenure, disposition or descent of property,'' we express no opinion. It is not necessary to do so.

The demurrer and motion to quash the warrant should have been sustained, and we so answer the questions certified.

*Ruling reversed.*