STATE OF WEST VIRGINIA, AT THE RELATION
OF J. E. McMILLION

*v.*

C. R. STAHL, CHAIRMAN OF THE PUBLIC SERVICE BOARD
OF THE ARMSTRONG CREEK PUBLIC SERVICE DISTRICT

(No. 10760)

Submitted September 7, 1955. Decided October 25, 1955.

*Scherer, Bowers & File,* for relator.

*Paul J. Fourney,* for respondent.

LOVINS, PRESIDENT:

This is an original proceeding in mandamus by J. E. McMillion, relator, against C. R. Stahl, Chairman of the Public Service Board of the Armstrong Creek Public Service District, defendant. Hereinafter, McMillion will be referred to as relator, Stahl, as defendant, the Public Service Board of the Armstrong Creek Public Service District as the Board and Chapter 147, Acts of the Legislature of West Virginia, 1953, Regular Session, as the statute.

The purpose of the statute as shown by the title hereinafter quoted, was to provide water and sewerage facilities in unincorporated districts. The title of the statute reads as follows: "An act to amend chapter sixteen of the code of West Virginia, one thousand nine hundred thirty-one, as amended, by adding thereto a new article, to be designated article thirteen-a, providing for the creation of public service districts, prescribing the powers and duties of such districts in the acquisition, construction, maintenance, operation, improvement and extension of properties supplying water and sewerage services, and to authorize the issuance of bonds of such districts payable solely from the revenue to be derived from the operation of such properties."

Section 1, states the general purposes of the statute. Section 2, authorizes the creation of the Public Service Districts by County Courts. Section 3, defines the powers of the Public Service Districts and the creation of the governing boards. Section 4, sets forth the board's procedure. Sections 5 and 6, provide for certain officers and employees and Section 7, for the acquisition and operation of the property by a district. Section 8, confers the power of eminent domain. Section 9, provides for the rates and charges to be made by the board for the services rendered. Section 10, makes provisions for the budgets of the boards. Section 11 provides for the auditing of the boards' accounts. Section 12, provides for the disbursement of the districts' funds. Section 13, authorizes the issuance of revenue bonds for the construction or acquisition of necessary property. Section 14, treats of the cost of the properties to be acquired. Section 15, sets forth certain provisions relative to the trust indenture to secure the revenue to be provided for in Section 13. Section 16, makes provision for a sinking fund. Section 17, authorizes the enforcement of the collection of service charges. Section 18, authorizes the board to enter into a contract for the operation and management of the districts' property. Section 19, creates a statutory lien on the property owned by the board to secure the payment of interest and principal of the bonds. Section 20, authorizes the issuance of refunding revenue bonds. Section 21, directs a liberal construction of the statute and states that the statute shall "constitute full and complete authority for the creation of public service districts and for carrying out the powers and duties of same as herein provided."

The County Court of Fayette County seems to have carefully followed the provisions of the statute relative to creating the Armstrong Creek Public Service District and in appointing a governing board for such district. Residents of the district and property owners of property situate therein were given opportunity to appear before the County Court of Fayette County and oppose or support the creation of the district. Likewise, the Board,

after appointment by the County Court of Fayette County, carefully followed the procedure outlined for the issuance of the revenue bonds here in question. The defendant does not ground any objection to the action of the County Court in creating the district, the appointment of the Board or the actions of the Board in authorizing the issuance of the bonds. He bases all of his objections on the alleged unconstitutionality of the statute under which the Court and Board acted.

It suffices to say that we have examined the procedural steps taken by the County Court and the Board with care. We can find no tenable grounds for objection to the action of either the County Court of Fayette County or the Board.

On July 11, 1955, the Board of the Armstrong Creek District met in regular session and adopted a resolution authorizing the Board to acquire a water works system for such district and provided for the issuance of water revenue bonds of such district in the amount of $175,-000.00. The resolution provided for the payment of the bonds and interest thereon, the rights of certain holders of such bonds and the enforcement of same. The particular provisions of such resolution will be hereinafter discussed.

The Chairman of the Board, the defendant herein, has refused to sign the bonds so authorized and to perform other requisite acts to effectuate the resolution of the Board and the issuance of the bonds provided for. This proceeding seeks a writ of mandamus to compel the defendant to sign such bonds and to do all acts necessary to effect their issuance.

The objection of the defendant rests mainly, if not entirely as above stated, on the alleged unconstitutionality of the statute. A summary of his reasons for such refusal is as follows:

(1) The title of the act is insufficient and violates Section 30, Article 6 of the Constitution of this State; (2)

that the provisions of the statute granting a tax exemption to the property, income and bonds of the board is in violation of Section 1 of Article 10 of the Constitution of West Virginia; (3) that the statute improperly delegates legislative power to an administrative body in violation of Section 1, Article 5 and Section 1, Article 6 of the Constitution of this State; (4) that the statute providing for liens to enforce the payment of fees, rates and charges violates the 14th amendment of the Constitution of the United States and Sections 9 and 10 of Article 3 of the Constitution of West Virginia; (5) that the statute in granting the right of eminent domain to public service districts violates Sections 9 and 10 of Article 3 of the Constitution of this State; (6) that the statute creating a mortgage lien on the property of public service districts and authorizing the foreclosure of such lien creates a debt of public service districts without a vote of the people, in violation of Section 8, Article 10 of the Constitution of this State; (7) that the statute providing for the creation of public service districts as public corporations for special purposes and with certain prescribed powers violates Section 1, Article 11 of the Constitution of West Virginia; (8) that the provisions of the statute authorizing the County Court to make certain findings and determinations as to the feasibility of the creation of such corporations constitutes a delegation of judicial power to a County Court, in violation of Section 24, Article 8 of the Constitution of West Virginia.

It is thus seen that the questions presented by the objections and contentions of the defendant turn on the constitutionality of the statute here considered. Before discussing in detail the various contentions, we advert to a principle of constitution law which has been long adhered to by this Court. It is stated as follows: "Courts will never impute to the legislature intent to contravene the constitution of either the state or the United States, by construing a statute so as to make it unconstitutional, if such construction can be avoided, consistently with law, in giving effect to the statute, and

this can always be done, if the purpose of the act is not beyond legislative power in whole or in part, and there is no language in it expressive of specific intent to violate the organic law." *Railway Co.* v. *Conley and Avis,* 67 W. Va. 129, 67 S. E. 613. In such statement, this Court was but reiterating what was held in many former opinions. See *Bridges* v. *Shallcross,* 6 W. Va. 562, 569; *Shields and Preston* v. *Bennett, Auditor,* 8 W. Va. 74; *Kimball* v. *Loughney,* 70 W. Va. 765, 74 S. E. 953; *Booten* v. *Pinson,* 77 W. Va. 412, 428, 89 S. E. 985; *State* v. *England,* 86 W. Va. 508, 510, 103 S. E. 400; *State* v. *Haskins,* 92 W. Va. 632, 638, 115 S. E. 720; *State* v. *Massie,* 95 W. Va. 233, 120 S. E. 514; *State* v. *Cordi,* 103 W. Va. 23, 25, 136 S. E. 505; *Co-Operative Association* v. *Com'r.,* 124 W. Va. 81, 20 S. E. 2d 797; *Cosner* v. *See,* 129 W. Va. 722, 42 S. E. 2d 31; *State* v. *Blevins,* 131 W. Va. 350, 356, 48 S. E. 2d 174; *Lingamfelter* v. *Brown,* 132 W. Va. 566, 573, 52 S. E. 2d 687; *Charleston Transit Company* v. *Condry,* 140 W. Va. 651, 86 S. E. 2d 391.

From the foregoing authorities, a clear violation of the organic law must be found in the passage of the statute before it will be held unconstitutional. Where there is doubt whether the passage of such statute violates the constitution, such doubt must be resolved in favor of the validity of the statute.

Bearing in mind the foregoing principle so well established in this jurisdiction, we come to a consideration and discussion of the various objections made by the defendant to sustain his action in failing to sign the bonds and effectively carry out the resolution of the board of which he is chairman.

The defendant invokes Section 30, Article VI of the Constitution of this State which reads in part as follows: "No act hereafter passed shall embrace more than one object, and that shall be expressed in the title." He contends that the title of Chapter 147, Acts of the Legislature, 1953, Regular Session, is insufficient under the provisions of Section 30, Article VI of the Constitution

of this State. The title to the act hereinabove quoted is sufficient to give a fair and reasonable index to all of the purposes of the act. It was not necessary to recite the particulars in the title. *State* v. *Thompson,* 80 W. Va. 698, 93 S. E. 810; *Brewer* v. *Point Pleasant,* 114 W. Va. 572, 172 S. E. 717. See *Dyer* v. *Sims, Auditor,* 134 W. Va. 278, 58 S. E. 2d 766 and *City of Wheeling* v. *American Casualty Company,* 131 W. Va. 584, 48 S. E. 2d 404. If the title of a statute states its general aim or purpose and gives notice to the legislators and the public of what in a general way is contained in the statute, and, if the substance of the act is congruous and germane to the object expressed in the title, it will be held sufficient. *Casto* v. *High School Board,* 94 W. Va. 513, 119 S. E. 470. See *State* v. *Haskins,* 92 W. Va. 632, 115 S. E. 720.

Where an act embraces matters not stated in the title of the act nor germane to the subject matter, it violates Section 30, Article VI of the Constitution of this State. *Elliott* v. *Hudson,* 117 W. Va. 345, 185 S. E. 465. See *Cutlip* v. *Sheriff of Calhoun County,* 3 W. Va. 588, 590.

The title of the act here considered clearly defines its object and purposes and the powers of the governing board. Certainly no fault can be found that the act contains matters not connected with its object, nor is it calculated to mislead any legislator or member of the public. The objection to the act on the ground that the title is insufficient is not well taken.

The next objection to the signing of the bonds is based on the alleged unconstitutional tax exemption granted to the property, income and bonds of the board in violation of Section 1, Article X of the Constitution, which so far as pertinent reads as follows: "Subject to the exceptions in this section contained, taxation shall be equal and uniform throughout the state, and all property, both real and personal, shall be taxed in proportion to its value to be ascertained as directed by law."

Another sentence in Section 1, Article X of the Con-

stitution provides that "* * * Public property * * * shall be exempt from taxation". Undoubtedly, the property of a public service district is public property used for public purposes and we find no basis for objection to the statute founded on the statutory provision exempting property of a public service district. *Meisel* v. *Airport Authority,* 135 W. Va. 528, 64 S. E. 2d 32; *Chapman* v. *Housing Authority,* 121 W. Va. 319, 3 S. E. 2d 502; *Bates* v. *State Bridge Com.,* 109 W. Va. 186, 153 S. E. 305.

The next reason assigned by the defendant for not signing the bonds relates to the delegation of legislative power to the county courts of this state, in violation of Section 1, Article V and Section 1, Article VI of the Constitution of this State. Section 1 of Article V provides for a division of power between the legislative, executive and judicial departments. Section 1 of Article VI provides that the legislative power be vested in a senate and house of delegates. The unlawful delegation of legislative authority is based on the theory that a legislative body cannot abdicate its essential powers and commit them to some other body or person. *Panama Refining Co.* v. *Ryan,* 293 U. S. 388, 55 S. Ct. 241; *A. L. A. Schechter Poultry Corporation* v. *United States,* 295 U. S. 495, 55 S. Ct. 837. But we perceive no abdication of legislative power in the statute here considered. The statute provides that the county courts of various counties of this state are specifically directed by the statute as to the organization of public service districts as well as the appointment and functions of the governing board of such districts to be appointed by the county courts. Of course, the statute does not give minute details which is not required. There was no unlawful delegation of legislative power to the county court or the governing board of the public service district. *Bates* v. *State Bridge Com., supra, Chapman* v. *Housing Authority, supra* and *Meisel* v. *Airport Authority, supra.*

The defendant contends that the statute providing that delinquent fixed rates and charges for services rendered

by a public service district shall be a lien on the premises served of equal dignity, rank and priority with the lien on such premises of state, county, school and municipal taxes, deprives the owners of their property without due process of law and is violative of the Fourteenth Amendment of the United States Constitution and Sections 9 and 10 of Article III of the Constitution of West Virginia.

It has long been an accepted principle of the law of liens that premises served by a public facility such as paving and sewers may be paid for by assessment against abutting property owners and authorizes a lien on the premises until paid. The provisions of the statute in this respect are not unusual. See *Heavner* v. *City of Elkins,* 69 W. Va. 255, 71 S. E. 184. In some instances, a lien is authorized and also the charge is made a personal debt of the property owners which is valid. *Fogle* v. *King,* 132 W. Va. 224, 51 S. E. 2d 776. See *Duling Bros.* v. *Huntington,* 120 W. Va. 85, 196 S. E. 552. We think this is a reasonable provision made to secure the payment of charges for services rendered and does not violate the due process provisions of the state and federal constitutions. Moreover, real estate which has available water and sewer facilities is benefited and rendered more valuable than other real estate having no such conveniences.

The next objection relates to the grant of power of eminent domain to public service districts. The defendant argues that such grant to public service districts violates Sections 9 and 10 of Article III of the Constitution of this State. Section 9 of the Constitution prohibits the taking or damaging of private property for public use without just compensation. Section 10 of Article III prohibits any person from being deprived of life, liberty or property without due process of law and the judgment of his peers.

Certainly it requires very little citation of authority to say that private property cannot be taken for private

use.  See *Varner* v. *Martin*, 21 W. Va. 534, *Hench* v. *Pritt*, 62 W. Va. 270, 57 S. E. 808.  But we do not regard condemnation by public service districts as taking private property for private use.  Chapter 59, Acts of the Legislature, 1949, Regular Session, a m e n d i n g parts of Chapter 54 of the Code of West Virginia, 1931, provides that private property may be taken or damaged for a number of purposes, including construction, maintenance and operation of water plants and systems to supply water to the inhabitants of the community; as well as the construction, maintenance and operation of sewerage systems.  The statute above mentioned amounts to a legislative declaration of public purposes within the meaning of our laws.  It is a judicial question whether such declaration is consonant with organic law.  Chapter 59, Acts of the Legislature, 1949, Regular Session, in declaring the use public is constitutional.  *B. & O. R. R. Co.* v. *P. W. & Ky. R. R. Co.*, 17 W. Va. 812.  See *Gas Co.* v. *DeBerry*, 130 W. Va. 418, 43 S. E. 2d 408.  It would be contrary to ordinary thinking to say that a legislative declaration that a water plant and sewerage system to furnish the public, such facilities is not a public use and violates the constitution.  On the contrary, we think that such declaration is entirely consonant with public health and welfare of the inhabitants of rural communities of this state.  There is no merit in the defendant's contention that the right of eminent domain is improperly granted public service districts.

Another reason assigned by the defendant for his refusal to sign the bonds is that the provisions of the statute grants to bond holders a statutory mortgage lien on the property of public service districts, and that such provisions of the statute creates a public debt without a vote of the people and violates Section 8, Article X of the Constitution.  A similar question has been decided otherwise by this Court, and without further discussion, we hold that the authority to create the lien is conferred on the board; and the legislature had power to do so. *Warden* v. *Grafton*, 125 W. Va. 658, 26 S. E. 2d 1.

The defendant argues that the creation of public service districts as public corporations violates Section 1 of Article XI of the Constitution of this State, which constitutional provision in substance provides that all corporations shall be created by general laws. A public service district is a public corporation and does not come within the constitutional inhibition here invoked. *Meisel* v. *Airport Authority, supra; Sims* v. *Fisher,* 125 W. Va. 512, 25 S. E. 2d 216. Section 1 of Article XI applies only to private corporations and not to public corporations created for public purposes. *Sims* v. *Fisher, supra.*

The defendant challenges the validity of the statute as being unconstitutional in requiring a county court to determine the feasibility of creating public service districts and constitutes a delegation of judicial duties to the county court, in violation of Section 24, Article VIII of the Constitution of this State.

The creation of a public service district is somewhat analogous to the incorporation of a municipality. County courts define the territory to be included in a public service district and appoint a board to govern the same in the first instance. There is no unconstitutional delegation of judicial functions to the county court made by the statute. *Wiseman* v. *Calvert,* 134 W. Va. 303, 59 S. E. 2d 445.

Upon the consideration of all the objections made by the defendant, bearing in mind what has been said hereinbefore with reference to a court declaring an act of the legislature unconstitutional, we find no violation of the Constitution of this State or the Fourteenth Amendment to the Constitution of the United States in the enacting of the statute.

It being the ministerial duty of the defendant to sign the revenue bonds and to assist in effectuating their issuance, the relator has shown a clear legal right to require the defendant to perform such duty. Therefore, the writ of mandamus as prayed for is awarded.

The cost of this proceeding will not be taxed against the defendant who is Chairman of the Public Service Board of Armstrong Creek District, and who honestly, in good faith, though mistakenly, endeavored to perform his duty. *State* v. *Board of Park Com'rs.*, 131 W. Va. 417, 428, 47 S. E. 2d 689; *State ex rel.* v. *Cavendish*, 81 W. Va. 266, 268, 94 S. E. 149; 14 Am. Jur., Costs, §37. Each litigant shall pay his own costs.

*Writ awarded.*