THE CITY OF CHARLESTON, *etc.*

*v.*

THE BOARD OF EDUCATION OF THE COUNTY OF KANAWHA,

*a corporation*

(No. 13472)

Decided October 29, 1974.

*Kay, Casto & Chaney, Vincent V. Chaney and Michael T. Chaney* for appellant.

*Campbell, Love, Woodroe & Kizer, John O. Kizer* for appellee.

BERRY, JUSTICE:

The appellant, The City of Charleston, a municipal corporation, appeals from a final judgment of the Circuit Court of Kanawha County entered December 31, 1973 wherein the court affirmed an order of the Common Pleas Court of Kanawha County entered July 13, 1973 wherein the Common Pleas Court ruled against the City of Charleston and in favor of the Board of Education of the County of Kanawha. The City of Charleston originally instituted the action in the Common Pleas Court of Kanawha County against the Board of Education of Kanawha County to recover $108,690.29 in fire service fees that the City contended the Board of Education owed to the City for fire service fees for the years 1969, 1970, 1971 and 1972. This court granted the City's appeal on May 6, 1974 and the case was submitted for decision on September 24, 1974 upon the briefs and arguments on behalf of the respective parties.

The City of Charleston by ordinance adopted on June 1, 1964 levied an annual charge against the owners of all residential, commercial, industrial or other buildings within the city for the purpose of maintaining fire protection for such buildings. The fire service fee was based on a percentage of the value of the buildings as last fixed for tax purposes by the assessor of Kanawha County and where no such value had been fixed the value was to be determined by the City Council. Section 4 of the ordinance exempted all buildings and tangible personal property of the United States of America, the State of West Virginia, the County of Kanawha, the City of Charleston and any religious, charitable, fraternal or nonprofit organization which were exempt from payment of real and personal property taxes under the laws of the State of West Virginia. However, on May 5, 1969 the ordinance was amended and section 4 was amended to exempt only "residential, industrial, commerical or other buildings, and tangible personal property owned by any religious organization, charitable hospital, or charitable nonprofit organization which is exempt from payment of real and personal property taxes." The City

of Charleston thereafter attempted to collect the fire service fee on buildings owned by the Board of Education of Kanawha County and the Board initially refused to pay the fee because it contended the fee was too high. However, it also refused to pay the fee after it had been reduced by the City.

On November 16, 1970 section 4 was amended again to exempt only buildings and tangible personal property of religious organizations used for worship or for residences. The Board of Education refused to pay such fire service fee contending that Code, 8-13-13, as amended, does not specifically authorize the imposition of fees for special municipal services against the property of a county board of education and in the absence of such express legislative authorization a municipal corporation is without authority to impose such fees on the property of a county board of education.

The City of Charleston moved for summary judgment pursuant to Rule 56 of the Rules of Civil Procedure. However, the Common Pleas Court denied the City's motion and found that there was no dispute between the parties as to the facts and that the City was not entitled to recover as a matter of law and entered judgment for the Board of Education.

The trial court held that Code, 8-13-13, as amended, authorizing municipalities to impose designated service fees on users of services, does not authorize the imposition of such fees on public bodies using the services because the statute does not specifically name public bodies as being subject to the fees. The pertinent part of Code, 8-13-13, as amended, reads as follows:

> Notwithstanding any charter provisions to the contrary, every municipality which furnishes any essential or special municipal service, including, but not limited to, police and *fire protection*, parking facilities on the streets or otherwise, parks and recreational facilities, street cleaning, street lighting, street maintenance and improvement, sewerage and sewage disposal, and the collection and disposal of garbage, refuse, waste,

ashes, trash and any other similar matter, *shall have plenary power and authority to provide by ordinance* for the installation, continuance, maintenance or improvement of such service, to make reasonable regulations with respect thereto, and to impose by ordinance upon the users of such service, [subject to the provisions of chapter twenty-four (§ 24-1-1 et seq.) of this Code] reasonable rates, fees and charges to be collected in the manner specified in the ordinance. (Emphasis supplied.)

It was held in the case of *McCoy v. City of Sistersville*, 120 W. Va. 471, 199 S.E. 260 (1938) that a fee for fire protection provided in a city ordinance was authorized under Code, 8-4-20, as amended, which was the predecessor of the present Code, 8-13-13, as amended, and that it was a legal charge against the property owners who were the actual users of the service. The Court stated that the charge was imposed by methods other than general taxation.

In the case of *Duling Bros. Co. v. City of Huntington*, 120 W. Va. 85, 196 S. E. 552 (1938) a charge was made against property owners within the City of Huntington for the cost of a flood wall and it was held that such an assessment is generally not considered taxation. It is stated in 1 Cooley, Taxation, § 36 (4th ed. 1924) that: "Charges for services rendered, or for conveniences furnished, are in no sense taxes." The Supreme Court of the United States has stated in several cases that a charge by a municipality for services rendered or for conveniences provided is not a tax. Keokuk Northern Line *Packet Co. v. Keokuk*, 95 U.S. 80, 24 L. Ed. 377 (1877). *See, Huse v. Glover*, 119 U.S. 543, 30 L. Ed. 487, 7 S. Ct. 313 (1886).

If the charge or fee attempted to be collected is a tax there is no question that the defendant would be exempt from payment of such charge. Article X, Section 1, of the Constitution of West Virginia provides that the legislature may exempt all property used for educational purposes from taxation and *Code* 11-3-9, as amended, specif-

ically exempts from taxation property belonging to free schools.

If the exemption contained in Code, 11-3-9, as amended, was eliminated and the charge under Code, 8-13-13, as amended, was considered a tax, the Board of Education would have to be specifically named as being subject to the payment of the tax before the City would be authorized to collect the tax. However, if the fire service fee is not a tax the statute would not have to specifically name the Board of Education in order for the City to charge a fire protection fee to the Board of Education. *See, Pelouze v. City of Richmond*, 183 Va. 805, 33 S.E.2d 767 (1945).

However, the question of collecting the fee for fire protection is another matter and it may be contended that there is no enforceable legal obligation to pay for such fire protection; in any event, there is a strong moral obligation to do so. Code, 18-5-5, as amended, provides that: "All public school property used for school purposes shall be exempt from execution or other process, and free from lien or distress for taxes or municipal, county or state levies." In the *Duling Bros. Co. v. City of Huntington, supra*, case the question was raised as to whether such a charge could be collected from a governmental subdivision and it was stated by the Court in connection with the matter that: "The brief says further that real estate owned by the state, county, and city is within the proposed wall, and charges thereon are uncollectible. This statement is theoretically correct, but practically inconclusive. We are loath to believe that the state, county, or city would not share the cost of protecting its property from flood menace. * * *"

It would appear from the authorities that the statute authorizing the City to charge the fee for fire protection to property owners who are the users of such service gives the City power and authority to make such charges against the Board of Education of Kanawha County because such fee is not a tax and whether or not it is collectible from the Board of Education does not

relieve the Board of a moral obligation to pay for such protection or service.

For the reasons stated herein, the judgments of the Common Pleas Court of Kanawha County and the Circuit Court of Kanawha County are reversed.

*Judgments reversed.*